THE FULTON BANK OF BROOKLYN, Appellant, *v.* HERBERT D. CHASE *et al.*, Respondents.

*Supreme Court, Second Department, General Term, June 28, 1889.*

*Interpleader.*—Where the plaintiff sold securities placed with it to secure a loan and realized from said sale more than was due on the loan, and various parties, who claimed portions of the securities brought their several actions against plaintiff for conversion, an action by plaintiff to restrain such actions against it and cause the plaintiffs therein to interplead cannot be maintained.

The plaintiff, in January, 1885, loaned to one George K. Chase the sum of $40,000 upon a collateral stock note, signed

by Herbert D. Chase, one of the defendants, and upon the securities therein mentioned.

Portions of these securities were, from time to time, surrendered, and the plaintiff either received payments on account of said loan, or accepted other securities as collateral in place of those surrendered.

The plaintiff, about August, 1887, began demanding payment of the loan, which was not complied with, and it advertised the collateral for sale. The borrower died Sept. 29, 1887; and on Oct. 19, 1887, the securities were sold, producing to the plaintiff a surplus of $3,157.07 over the amount claimed by it.

Various parties who claim to be owners of the securities commenced actions against the plaintiff for conversion.

The executors of the borrower, on March 16, 1888, served upon the plaintiff notice that they claimed ownership of said sum of $3,157.07, above mentioned, and interest.

On March 23, 1888, the bank commenced this action against all said claimants to have the title to this sum of $3,157.07 determined, praying judgment "that each of said defendants may be restrained by injunction from taking any proceedings against the plaintiff in relation thereto;"

"that they may be required to interplead together concerning their claims to said sum of $3,157.07;"

"that this plaintiff may be authorized to pay the said sum of $3,157.07 into court, by depositing the same under the order and direction of this court, with such depositary as this court may direct;"

"that upon so depositing the same in compliance with such order, the plaintiff be discharged from all liability to either of said defendants in relation thereto."

*Bergen & Dykman*, for appellant.

*F. & C. A. H. Bartlett*, for respondents.

PRATT, J.—The judgment appealed from is clearly cor-

rect. The claims of the various parties against the bank are separate and distinct; each depends on its own circumstances, and they have no inherent connection with each other.

If the bank has no legal right to use the stock of Meyer, and by such use incurred a liability to the owner of the stock, the action already brought by the party claiming to be injured is the most convenient means to determine the question. If the bank had such authority, it will prevail in the action. If it had not, the court cannot afford any relief, and it must respond for such damage as it has inflicted.

There is no propriety in the claimants, under the Meyer transaction, being hampered by matters with which they have no concern. The same may be said of each of the other claimants. Their rights depend upon alleged unauthorized dealings of the bank with securities now claimed to be owned by the various plaintiffs. And the limit of their recovery, if they sustain that claim, does not depend upon the amount realized by the bank.

When those claims are disposed of, if the bank prevails and shall still have in its possession a fund it cannot conscientiously keep, an application to pay it into court might be entertained. But the court cannot now grant such permission upon the terms asked, viz., that the bank be protected against all the claimants.

Judgment affirmed with costs.

All concur.